## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## VALDOSTA DIVISION

| | | |
|---|---|---|
| DENAVIAN GOLSON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | No. 7:22-cv-00034-WLS-TQL |
| Special Agent | : | |
| ZACHARY JOHNSON, *et al.,* | : | |
| | : | |
| Defendants. | : | |

## ORDER OF DISMISSAL

Plaintiff Denavian Golson, a pretrial detainee in the Thomas County Jail in Thomasville, Georgia, filed a complaint on the form for a civil rights complaint under 42 U.S.C. § 1983.  Compl., ECF No. 1.  Plaintiff also filed a motion for leave to proceed *in forma pauperis.*  Mot. for Leave to Proceed *In Forma Pauperis*, ECF No. 2.  Upon initial review of Plaintiff's complaint, it was unclear whether Plaintiff was actually seeking relief under 42 U.S.C. § 1983 or whether, instead, Plaintiff intended to file a petition for a writ of habeas corpus under 28 U.S.C. § 2241.  As a result, Plaintiff was ordered to file a recast complaint or habeas corpus petition to clarify the claims that he intended to raise.  Order, ECF No. 4.  Plaintiff was also ordered to file a certified trust fund account statement, including a statement of his transactions for the preceding six-month period.  *Id.*  Plaintiff was given fourteen days to comply with the order and was cautioned that his failure to do so could result in the dismissal of this case.  *Id.*

More than fourteen days passed following entry of the order to recast and to file a

certified account statement, and Plaintiff did not take either action or otherwise respond to the Court's order.   Therefore, Plaintiff was ordered to show cause to the Court why this case should not be dismissed based on his failure to comply with that order.   Order to Show Cause, ECF No. 5.   Plaintiff was given fourteen days to respond and was cautioned that his failure to do so would result in the dismissal of this action.   *Id.*

More than fourteen days have now passed since entry of the show cause order, and Plaintiff has not responded to that order.   Thus, because Plaintiff has failed to respond to the Court's orders or otherwise prosecute this case, the complaint is now **DISMISSED WITHOUT** PREJUDICE.   See Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order." (citing Fed. R. Civ. P. 41(b) and *Lopez v. Aransas Cty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978))).

**SO ORDERED**, this __11th__ day of July, 2022.


**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**